# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND,<br>CENTRAL LABORERS' ANNUITY FUND,<br>ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS INDUSTRY ADVANCEMENT FUND,<br>NORTH CENTRAL ILLINOIS LABORERS' HEALTH AND WELFARE FUND,<br>NORTHERN ILLINOIS & IOWA LABORERS' HEALTH & WELFARE FUND,<br>ILLINOIS LABORERS AND CONTRACTORS JOINT APPRENTICESHIP & TRAINING TRUST FUND,<br>NORTH CENTRAL LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST,<br>MIDWEST REGION ORGANIZATION COMMITTEE,<br>MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING,<br>MARKET PRESERVATION FUND (Local 165),<br>MARKET PRESERVATION FUND (Local 996),<br>NORTH CENTRAL ILLINOIS LABORERS' BUILDING FUND,<br>GREAT PLAINS LABORERS' VACATION FUND,<br>and the GREAT PLAINS LABORERS' DISTRICT COUNCIL WORKING DUES CHECK OFF FUND<br><br>    Plaintiffs,<br><br>    v.<br><br>PORTER BROTHERS CONSTRUCTION, INC.,<br>a/k/a PORTER BROTHERS ASPHALT & SEALING, INC.<br>an Illinois corporation, and<br>MATTHEW PORTER, individually,<br><br>    Defendant(s). | Case No. **25-Cv-50298** |

## COMPLAINT

Plaintiffs Central Laborers' Pension Fund, *et al*. (collectively "Plaintiff Funds"), by their attorneys, for their complaint, complain against Defendants PORTER BROTHERS CONSTRUCTION, INC. and MATTHEW PORTER, as follows:

### COUNT I
against
PORTER BROTHERS CONSTRUCTION, INC.
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff Funds are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and its affiliated district councils and local unions, and, on the other hand, certain employer associations and individual employers. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4. Plaintiff Central Laborers' Pension Fund is the authorized collection agents for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5. PORTER BROTHERS CONSTRUCTION, INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). PORTER BROTHERS CONSTRUCTION, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. PORTER BROTHERS CONSTRUCTION, INC. has had prior corporate names and has also been known as: (a) PORTER BROTHERS ASPHALT & SEALING, INC., (b) PORTER BROTHERS ASPHALT & CEILING, INC., and (c) PORTER BROTHERS PAVING & CEILING, INC.

7. PORTER BROTHERS CONSTRUCTION, INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. Copies of signature pages of one or more such collective bargaining agreements are attached as *Exhibit A*. No party has terminated the collective bargaining agreements and they remain in effect.

8. By virtue of certain provisions contained in the collective bargaining agreement(s), PORTER BROTHERS CONSTRUCTION, INC. became a party to and bound by the Plaintiff Funds' trust agreements.

9. PORTER BROTHERS CONSTRUCTION, INC. became a party to and bound by one or more participation agreements with the Plaintiff Funds. No party has terminated the collective bargaining agreements and they remain in effect.

10. By virtue of certain provisions contained in the participation agreement(s), PORTER BROTHERS CONSTRUCTION, INC. became a party to and bound by the Plaintiff Funds' trust agreements.

11. PORTER BROTHERS CONSTRUCTION, INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

12. PORTER BROTHERS CONSTRUCTION, INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

13. PORTER BROTHERS CONSTRUCTION, INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

14. Under the terms of the collective bargaining agreements, participation agreements, and trust agreements, PORTER BROTHERS CONSTRUCTION, INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, PORTER BROTHERS CONSTRUCTION, INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

15. PORTER BROTHERS CONSTRUCTION, INC. failed and refused to pay all contributions and working dues for the following months in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements. Those delinquent and unpaid amounts total not less than the following:

    Unpaid contributions (2/24, 11/24 – 12/24: Local 727): $37,479.59
    Unpaid contributions (10/24 – 12/24: Local 538): $25,275.87
    Unpaid contributions (10/24 – 11/24: Local 165): $1,114.28
    Unpaid contributions (10/24 – 12/24: Local 393): $22,938.48
    Unpaid contributions (10/24 – 12/24: Local 206): $18,847.13

| | |
|---|---|
| Unpaid contributions (01/25 – 02/25: Local 206): | $268.13 |
| Unpaid contributions (02/25: Local 727): | $242.57 |
| **Total:** | **$106,166.05** |

16. PORTER BROTHERS CONSTRUCTION, INC. also initially failed and refused to pay when due all contributions and working dues in a timely manner for the following months in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements:

| | |
|---|---|
| Late contribution payment (March 2024 – Local 727): | $1,734.90 |
| Late contribution payment (April 2024 – Local 727): | $3,925.00 |
| Late contribution payment (April 2024 – Local 309): | $250.00 |
| Late contribution payment (May 2024 – Local 727): | $3,100.80 |
| Late contribution payment (May 2024 – Local 538): | $332.10 |
| Late contribution payment (May 2024 – Local 32): | $1,273.80 |
| Late contribution payment (May 2024 – Local 309): | $2,138.40 |
| Late contribution payment (June 2024 – Local 309): | $4,283.40 |
| Late contribution payment (June 2024 – Local 206): | $2,780.30 |
| Late contribution payment (June 2024 – Local 32): | $1,600.60 |
| Late contribution payment (June 2024 – Local 165): | $2,205.00 |
| Late contribution payment (June 2024 – Local 538): | $496.70 |
| Late contribution payment (June 2024 – Local 727): | $3,469.70 |
| Late contribution payment (July 2024– Local 32): | $410.60 |
| Late contribution payment (July 2024 – Local 165): | $3,451.20 |
| Late contribution payment (July 2024 – Local 538): | $2,484.20 |
| Late contribution payment (July 2024– Local 727): | $5,063.30 |
| Late contribution payment (July 2024 – Local 206): | $5,263.50 |
| Late contribution payment (August 2024– Local 165): | $2,178.80 |
| Late contribution payment (August 2024 – Local 538): | $2,808.30 |
| Late contribution payment (August 2024 – Local 727): | $4,431.30 |
| Late contribution payment (August 2024 – Local 309): | $7,256.70 |
| Late contribution payment (September 2024 – Local 159): | $596.30 |
| Late contribution payment (September 2024 – Local 165): | $480.30 |
| Late contribution payment (September 2024 – Local 206): | $5,088.20 |
| Late contribution payment (September 2024 – Local 393): | $1,616.60 |
| Late contribution payment (September 2024 – Local 538): | $4,316.00 |
| Late contribution payment (September 2024– Local 727): | $3,823.00 |
| Late contribution payment (September 2024 – Local 309): | $1,306.80 |
| Late contribution payment (October 2024 – Local 727): | $6,146.60 |

5

17. The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month following the month for which the contributions are due. ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

18. Because contributions were not paid when due, PORTER BROTHERS CONSTRUCTION, INC. incurred 10% penalty assessments in accordance with the participation agreements and trust agreements totaling not less than the following:

| Description | Amount | Reference |
|---|---|---|
| Assessment for unpaid contributions (2/24, 11/24–12/24: Local 727): | $3,747.96 | (see ¶ 15) |
| Assessment for unpaid contributions (10/24 – 12/24: Local 538): | $2,527.59 | (see ¶ 15) |
| Assessment for unpaid contributions (10/24 – 11/24: Local 165): | $111.43 | (see ¶ 15) |
| Assessment for unpaid contributions (10/24 – 12/24: Local 393): | $2,293.85 | (see ¶ 15) |
| Assessment for unpaid contributions (10/24 – 12/24: Local 206): | $1,884.71 | (see ¶ 15) |
| Assessment for unpaid contributions (01/25 – 02/25: Local 206): | $26.81 | (see ¶ 15) |
| Assessment for unpaid contributions (02/25: Local 727): | $24.26 | (see ¶ 15) |
| Assessment for late contribution payment (March 2024 – Local 727): | $173.49 | (see ¶ 16) |
| Assessment for late contribution payment (April 2024 – Local 727): | $392.50 | (see ¶ 16) |
| Assessment for late contribution payment (April 2024 – Local 309): | $25.00 | (see ¶ 16) |
| Assessment for late contribution payment (May 2024 – Local 727): | $310.08 | (see ¶ 16) |
| Assessment for late contribution payment (May 2024 – Local 538): | $33.21 | (see ¶ 16) |
| Assessment for late contribution payment (May 2024 – Local 32): | $127.38 | (see ¶ 16) |
| Assessment for late contribution payment (May 2024 – Local 309): | $213.84 | (see ¶ 16) |
| Assessment for late contribution payment (June 2024 – Local 309): | $428.34 | (see ¶ 16) |
| Assessment for late contribution payment (June 2024 – Local 206): | $278.03 | (see ¶ 16) |
| Assessment for late contribution payment (June 2024 – Local 32): | $160.06 | (see ¶ 16) |
| Assessment for late contribution payment (June 2024 – Local 165): | $220.50 | (see ¶ 16) |
| Assessment for late contribution payment (June 2024 – Local 538): | $49.67 | (see ¶ 16) |
| Assessment for late contribution payment (June 2024 – Local 727): | $346.97 | (see ¶ 16) |
| Assessment for late contribution payment (July 2024– Local 32): | $41.06 | (see ¶ 16) |
| Assessment for late contribution payment (July 2024 – Local 165): | $345.12 | (see ¶ 16) |
| Assessment for late contribution payment (July 2024 – Local 538): | $248.42 | (see ¶ 16) |
| Assessment for late contribution payment (July 2024– Local 727): | $506.33 | (see ¶ 16) |
| Assessment for late contribution payment (July 2024 – Local 206): | $526.35 | (see ¶ 16) |
| Assessment for late contribution payment (August 2024– Local 165): | $217.88 | (see ¶ 16) |
| Assessment for late contribution payment (August 2024 – Local 538): | $280.83 | (see ¶ 16) |
| Assessment for late contribution payment (August 2024 – Local 727): | $443.13 | (see ¶ 16) |
| Assessment for late contribution payment (August 2024 – Local 309): | $725.67 | (see ¶ 16) |
| Assessment for late contribution payment (September 2024 – Local 159): | $59.63 | (see ¶ 16) |
| Assessment for late contribution payment (September 2024 – Local 165): | $48.03 | (see ¶ 16) |
| Casessment for late contribution payment (September 2024 – Local 206): | $508.82 | (see ¶ 16) |
| Assessment for late contribution payment (September 2024 – Local 393): | $161.66 | (see ¶ 16) |

6

Assessment for late contribution payment (September 2024 – Local 538): $431.60 (see ¶ 16)
Assessment for late contribution payment (September 2024– Local 727): $382.30 (see ¶ 16)
Assessment for late contribution payment (September 2024 – Local 309): $130.68 (see ¶ 16)
Assessment for late contribution payment (October 2024 – Local 727): $614.66 (see ¶ 16)

**Total: $19,047.85**

19. Credits for payments made by PORTER BROTHERS CONSTRUCTION, INC. total not more than:

Credit for Payment Received 7/8/2025 (2/24, 11/24–12/24: Local 727): $5,994.24
Credit for Payment Received 7/8/2025 (10/24 – 12/24: Local 538): $5,958.58
Credit for Payment Received 7/8/2025 (10/24 – 11/24: Local 165): $238.13
Credit for Payment Received 7/8/2025 (10/24 – 12/24: Local 393): $1,547.50
Credit for Payment Received 7/8/2025 (10/24 – 12/24: Local 393): $18.00

**Total: $13,756.45**

20. The total amount owed by PORTER BROTHERS CONSTRUCTION, INC. to Plaintiff Funds is not less than **$111,475.45**, consisting of: not less than $106,166.05 in delinquent and unpaid contributions (reference ¶ 15 above), not less than $19,047.85 in late payment penalty assessments (reference ¶ 18 above), and less not more than $13,756.45 in partial payment credits (reference ¶ 19 above).

21. PORTER BROTHERS CONSTRUCTION, INC. has failed and refused to pay the amount of **$111,475.45** known to be due to Plaintiff Funds.

22. Plaintiff Funds have been required to employ the undersigned attorneys to identify and pursue collection of the amount due from PORTER BROTHERS CONSTRUCTION, INC.

23. ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant." The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for the cost of an audit and attorney's fees and costs.

24. ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiff Funds respectfully request that this Court:

A. Enter judgment against PORTER BROTHERS CONSTRUCTION, INC. in favor of Plaintiff Funds.

B. Order PORTER BROTHERS CONSTRUCTION, INC. to pay Plaintiff Funds not less than $111,475.45.

C. Order PORTER BROTHERS CONSTRUCTION, INC. to pay interest, costs, and reasonable attorney's fees to Plaintiff Funds pursuant to 29 U.S.C. § 1132(g)(2).

D. Order PORTER BROTHERS CONSTRUCTION, INC. to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff Funds.

E. Grant Plaintiff Funds such other and further relief as may be just.

## COUNT II
against
MATTHEW PORTER

1. – 24. Plaintiff Funds reallege paragraphs 1 – 24 of Count I.

25. This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

Breach of Contract / Trust Agreements

26. Plaintiff Funds are advised and believe that MATTHEW PORTER is the President, Secretary, Chief Executive Officer, and Chief Operating Officer of PORTER BROTHERS CONSTRUCTION, INC. and is in control of the corporation. Further, Plaintiff Funds are advised

and believe that MATTHEW PORTER is a director of PORTER BROTHERS CONSTRUCTION, INC.

27. Pursuant to the collective bargaining agreements and participation agreements to which PORTER BROTHERS CONSTRUCTION, INC. agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

28. Pursuant to the trust agreements establishing the Plaintiff Funds, to which PORTER BROTHERS CONSTRUCTION, INC. and MATTHEW PORTER agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

29. Plaintiff Funds are informed and believe that MATTHEW PORTER did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the trust agreements and the Collective bargaining agreement, making MATTHEW PORTER personally liable for the money owed to the Plaintiff Funds by PORTER BROTHERS CONSTRUCTION, INC.

Piercing the Corporate Veil

30. There is a unity of interest and ownership between PORTER BROTHERS CONSTRUCTION, INC. and MATTHEW PORTER such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making

MATTHEW PORTER personally liable for the money owed to the Plaintiff Funds by PORTER BROTHERS CONSTRUCTION, INC.

WHEREFORE, Plaintiff Funds respectfully request that this Court:

A. Enter judgment against MATTHEW PORTER in favor of Plaintiff Funds.

B. Order MATTHEW PORTER to pay Plaintiff Funds $111,475.45, plus any additional amount shown to be due.

C. Order MATTHEW PORTER to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiff Funds pursuant to 29 U.S.C. § 1132(g)(2).

D. Order MATTHEW PORTER to cause PORTER BROTHERS CONSTRUCTION, INC. to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff Funds.

E. Grant Plaintiff Funds such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al.*

By:  /s/ *Richard A. Toth*
One of their attorneys

GEORGES & SYNOWIECKI, LTD.
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797

15561

Laborers' Locals 32 & 727
Heavy/Highway Wage Addendum
Effective May 1, 2016

**Section 12. Organizational Fund.** The Employer agrees to make payments to and be bound by the Organizational Fund as listed in this Addendum per hour for each hour or portion thereof worked by an employee. Payments to the Organizational Fund shall be sent to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650.

Section 13. Payments to the office of the aforesaid Plans and Funds shall be made by the Employer no later than the 15th day of the month following the month for which payments are required.

*Payments made to the Central Laborers' Pension Fund office, P.O. Box 1267, Jacksonville, Illinois 62651. **MAKE ONE CHECK.**

**Payments made to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650. **MAKE ONE CHECK.**

SIGNED this ___15th___ day of ___April___, 2016 at Rockford, Illinois.

FOR THE CONTRACTORS:

___[signature]___  4/5/16
Glen L. Turpoff                    Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

___[signature] Chas H Shempf___  4-14-16
Charlie Shempf                     Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

CONTRACTOR:

NAME: Porter Brothers Asph. & T. Scale, Inc.

ADDRESS: 1106 Industrial Pk D.

ADDRESS: Rock Falls, IL 61071

SIGNATURE: ___[signature]___ / Esther Porter

DATE: 9-1-16

[RECEIVED stamp: SEP 1 4 2016]

LOCAL UNION NO. 32
Fortunato Salamone, Business Manager
7404 Cherryvale North Blvd.
Cherry Valley, Illinois 61016
Phone: (815) 873-8875
Fax: (815) 873-8972
laborers@local32.us

LOCAL UNION NO. 727
Ken Diehl, Business Manager
768 Bloody Gulch Road
Dixon, Illinois 61021
Phone: (815) 284-2049
Fax: (815) 284-1318
local-727@comcast.net

-32-


EXHIBIT A

15561

the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorney's fees and such other reasonable costs and charges as may be assessed by the Funds pursuant to the Trust Agreements and the applicable policies adopted by the Funds, including the cost of any and all payroll examinations. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions and other payments are due are subject to assessment of liquidated damages in the amount of 10% of the contributions and other payments or $25.00 minimum per remittance, to defray the increased administrative costs resulting from late payments.

10. **Designated Trustees.** The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the governing bodies of the Funds pursuant to the Trust Agreements as heretofore and/or hereafter amended.

11. **Tax Status.** It is agreed that the Funds which accept contributions that are a deduction for income tax purposes shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

12. **Copies of CBA's.** The Employer and/or Local Union/District Council agrees that it shall, upon request of the Funds, provide a signed copy of all CBA's to the Funds to which the Employer is a signatory.

13. **Effective Date.** Unless otherwise specifically agreed to by the Employer and Funds, this Agreement shall remain in effect until terminated. This Agreement shall be terminated in the same manner and subject to the same requirements as each CBA incorporated herein; however, in order for termination of this Agreement to coincide with termination of any CBA incorporated herein, the Employer must timely provide a separate written notice of termination to the Funds that satisfies the requirements of the applicable CBA. This Agreement will be deemed terminated, *in toto*, when a timely required notice has been provided by the Employer with respect to each CBA incorporated herein and the term of each CBA incorporated herein has expired without the CBA being renewed or otherwise extended.

14. **Necessary Authority.** The Employer and the Employer's agent signing on behalf of the Employer represent and warrant that: (a) the Employer's agent identified below has full power and authority to execute and deliver this Agreement; (b) this Agreement has been duly authorized, executed and delivered on behalf of the Employer; and (c) this Agreement constitutes a legal, valid and binding obligation of the parties hereto which is enforceable against the parties in accordance with its terms.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND. TO THE EXTENT THERE EXISTS ANY CONFLICT BETWEEN PROVISIONS OF THIS PARTICIPATION AGREEMENT AND ANY PROVISIONS OF THE COLLECTIVE BARGAINING AGREEMENT, THE PARTICIPATION AGREEMENT SHALL CONTROL.

**EMPLOYER**

Name of Business: Foster Brothers Asphalt & Sealing Inc

Address: 11.6 Industrial Pk Dr.

City/State/Zip Code: Byron Falls, IL 61071

Telephone: 815-625-6206

Authorized Signature: [signature]

Title: President

Date: 9-1-2016

**CENTRAL LABORERS' FUNDS**

Authorized Signature: Dany J Hyll

Title: Executive Director

**LOCAL UNION**

Territory in which Agreement signed: Local 727

Authorized Signature: Ken Diehl

Title: Business Manager

Date: 9-1-2016



RECEIVED SEP 1 4 2016

Revised January ___, 2015.



*Agr 0165 Hwy-16.19*
*C#68-0165*

the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorney's fees and such other reasonable costs and charges as may be assessed by the Funds pursuant to the Trust Agreements and the applicable policies adopted by the Funds, including the cost of any and all payroll examinations. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions and other payments are due are subject to assessment of liquidated damages in the amount of 10% of the contributions and other payments or $25.00 minimum per remittance, to defray the increased administrative costs resulting from late payments.

10. **Designated Trustees.** The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the governing bodies of the Funds pursuant to the Trust Agreements as heretofore and/or hereafter amended.

11. **Tax Status.** It is agreed that the Funds which accept contributions that are a deduction for income tax purposes shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

12. **Copies of CBA's.** The Employer and/or Local Union/District Council agrees that it shall, upon request of the Funds, provide a signed copy of all CBA's to the Funds to which the Employer is a signatory.

13. **Effective Date.** Unless otherwise specifically agreed to by the Employer and Funds, this Agreement shall remain in effect until terminated. This Agreement shall be terminated in the same manner and subject to the same requirements as each CBA incorporated herein; however, in order for termination of this Agreement to coincide with termination of any CBA incorporated herein, the Employer must timely provide a separate written notice of termination to the Funds that satisfies the requirements of the applicable CBA. This Agreement will be deemed terminated, *in toto*, when a timely required notice has been provided by the Employer with respect to each CBA incorporated herein and the term of each CBA incorporated herein has expired without the CBA being renewed or otherwise extended.

14. **Necessary Authority.** The Employer and the Employer's agent signing on behalf of the Employer represent and warrant that: (a) the Employer's agent identified below has full power and authority to execute and deliver this Agreement; (b) this Agreement has been duly authorized, executed and delivered on behalf of the Employer; and (c) this Agreement constitutes a legal, valid and binding obligation of the parties hereto which is enforceable against the parties in accordance with its terms.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND. TO THE EXTENT THERE EXISTS ANY CONFLICT BETWEEN PROVISIONS OF THIS PARTICIPATION AGREEMENT AND ANY PROVISIONS OF THE COLLECTIVE BARGAINING AGREEMENT, THE PARTICIPATION AGREEMENT SHALL CONTROL.

**EMPLOYER**

Porter Brothers Asphalt & Sealing, Inc.
Name of Business

1106 Industrial Park Drive
Address

Rock Falls, IL. 61071
City/State/Zip Code

815-625-6206
Telephone

*[signature]*
Authorized Signature  Matt Porter

President
Title

6/21/2017
Date

**CENTRAL LABORERS' FUNDS**

*[signature]*
Authorized Signature

Executive Director
Title

**LOCAL UNION**

Territory in which Agreement signed: Local **165**

*[signature]* Thomas Broadway
Authorized Signature

Organizer/Field Rep
Title

6-29-17
Date

Highway/Heavy

RECEIVED JUL 13 2017

Revised January ___, 2015.